Brennan vs. The Town of Friendship.

BRENNAN, Respondent, vs. THE TOWN OF FRIENDSHIP, Appellant.

*October 19 — November 3, 1886.*

*Highways: Negligence: Evidence: Court and jury.*

1. In an action for personal injuries sustained by the plaintiff while riding on horse-back, by reason of a defect in the highway, evidence that he was an habitually reckless or careless rider is inadmissible. *Bower v. C   M. & St. P. R. Co.* 61 Wis. 457, distinguished.

2. Riding upon a highway at a high rate of speed is not necessarily negligence.

3. Upon the evidence in this case (showing, among other things, that while the plaintiff was riding along the highway about dusk, about thirty rods from a culvert, a dog sprang out from a yard and approached the horse, which ran, the dog following half way to the culvert; that as he approached the culvert the plaintiff gained control of his horse and reduced his gait to a canter; that in crossing the culvert one of the horse's fore feet went through a hole in the plank covering, throwing the plaintiff to the ground and injuring him; and that the plaintiff's attention had been called to the defect in the plank twelve days previous, but that he did not think of it at this time while crossing the culvert), it is *held* that the question of contributory negligence was one for the jury; and the instructions submitting that question to the jury upon all the facts are *held* to have been full and fair.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for personal injuries alleged to have been received by the plaintiff by reason of a defective highway in the defendant town. The alleged defect was a broken plank covering a culvert across the highway.

On the trial of the cause the jury found specially that the highway at the culvert was, when plaintiff was injured, in a defective and unsafe condition for travel upon and over it; that one of the supervisors of the town and the overseer of the road district in which the culvert was situated had actual notice of such defect, and a reasonable time in which to repair it had elapsed after such notice and before the injury; that the plaintiff was injured in consequence of such defect; that he knew of the defect before he was injured; that when injured he was in the exercise of ordinary care; that he gave the town the written notices required by law; and that he sustained damages, by reason of such injuries, in the sum of $5,000.

A motion on behalf of the defendant to set aside the verdict and for a new trial was denied, and judgment en-

tered for the plaintiff for the damages assessed by the jury, with costs. The defendant appeals from the judgment. The testimony and rulings on the trial are stated in the opinion.

For the appellant there were briefs signed by *George P. Knowles*, attorney, and *Jenkins, Winkler, Fish & Smith*, of counsel, and oral argument by *Mr. Fish*.

For the respondent there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*.

Lyon, J. The testimony tended to prove, and the jury might properly have found therefrom, the following facts: The plaintiff, before the injury complained of, was familiar with the highway and sluiceway in question. Twelve days before that time he passed along the highway, at the side of the sluiceway, with one of the supervisors of the defendant town. The latter spoke of the defect therein and of repairing it, but the plaintiff did not particularly notice the nature of the defect. The plaintiff rode on horseback along the same highway, passing the sluiceway in a traveled track one side of it, in the morning of the day on which he was injured. He did not then notice or think of the broken plank. He returned the same way, in the dusk of the evening. When within about thirty rods of the sluiceway, a dog sprang suddenly out of a yard and ran with the horse half way to the culvert. As the dog approached, the horse ran. After the dog stopped, and as the plaintiff came near the culvert, he obtained control of his horse and succeeded in reducing his gait to what he calls a cavalry gait or canter. In crossing the culvert one of the fore feet of the horse went into the hole in the plank, and the plaintiff was thrown violently to the ground and seriously and permanently injured. When crossing the culvert he did not think of the defect to which his attention had been directed twelve days before.

Without going into any discussion of the subject, it is perfectly obvious that, under the testimony, the question of contributory negligence on the part of the plaintiff was one for the jury. It was submitted to the jury, and the instructions in that behalf contain a clear and correct statement of the law as laid down in numerous adjudications of this court.

The errors assigned are certain rulings of the court on objections to testimony, and the refusal to give certain instructions proposed on behalf of the defendant town. These will now be considered.

1. The defendant attempted to show that the plaintiff, before he was injured, was a careless and reckless rider, and that he habitually rode the horse in question at a very rapid gait. To this end many interrogatories in different forms were propounded to witnesses. To all such interrogatories objections were sustained, and the proposed testimony was excluded. Counsel relied upon the case of *Bower v. C., M. & St. P. R. Co.* 61 Wis. 457, as authority for receiving such evidence. In that case the plaintiff was injured at a railroad crossing by a passing locomotive. The negligence charged against the railway company was the failure of the engineer to blow the whistle as he approached the crossing. The testimony was conflicting as to whether he did or did not give the signal. The plaintiff was allowed to prove that the engineer failed to give the signal at another crossing, which he passed a few minutes earlier. The case is not in point. It would have been, had testimony been received that the same engineer habitually neglected, at other times and on other trips, to give the required signals at highway crossings. The distinction between the two cases is obvious.

To show the admissibility of the offered testimony, counsel cited *Todd v. Rowley*, 8 Allen, 51; *Maggi v. Cutts*, 123 Mass. 535; *Whitney v. Leominster*, 136 Mass. 25; and

*Chamberlain v. Enfield*, 43 N. H. 356. These cases are to the effect that in actions like this it is competent for the defendant to prove the vicious habits of the horse which the plaintiff rode or drove when injured. They do not hold that evidence is admissible that the rider or driver of the horse was habitually careless or reckless in riding or driving. In the present case no attempt was made to show that the horse which the plaintiff was riding was vicious. The nearest approach we find to it is an interrogatory to a witness concerning the character of the *class* of horses to which the one being ridden by plaintiff belonged; as to their being unmanageable and dangerous to ride at the speed the plaintiff had been seen to ride on the morning before he was injured. We find no rule of evidence which authorizes the introduction of testimony to prove the plaintiff an habitually reckless or careless driver.

2. The court refused to instruct the jury that if the plaintiff, knowing of the defect in the sluiceway, rode his horse over it at a high rate of speed, he was guilty of negligence, and cannot recover,— especially so, in view of his testimony that there was a good track on the side of the sluiceway. The instruction was properly refused. Riding upon a highway at a high rate of speed is not necessarily negligence, although it is a circumstance to be considered by the jury in passing upon the question of negligence. The plaintiff may have been justly excusable for not remembering at the moment that the sluiceway had been out of repair. The disturbance caused by the dog, and the consequent running of his horse, are to be considered. Whether he was or was not thus excusable was for the jury to determine from all the circumstances. *Wheeler v. Westport*, 30 Wis. 392, and many other cases in this court, so hold.

3. The court also refused to instruct the jury, in form, that if the plaintiff rode his horse at a high rate of speed and in a careless, reckless, or unskilful manner when in-

jured, which contributed to the injury, he cannot recover. Careless or reckless driving is negligent driving, as every person of common intelligence knows. The substance of the proposed instruction was, therefore, that if the plaintiff rode or drove his horse in a negligent manner, which contributed to the injury, he was guilty of contributory negligence and cannot recover. It is impossible that the defendant could have been prejudiced by the refusal of such an instruction, when, as here, the nature and effect of contributory negligence was clearly and accurately stated to the jury.

The substance of the charge to the jury on the subject of contributory negligence is contained in the following paragraph, which seems to cover the whole ground. After saying that the mere fact that the plaintiff knew of the defects in the highway and had often passed there before in safety, was not conclusive evidence of negligence on his part, the court added: "Yet the knowledge of the plaintiff of such defect may be taken into consideration, on the determination of this question, with all the other circumstances disclosed by the evidence. The speed at which the plaintiff was riding at the time may be also considered in this connection: Was he riding with ordinary care, or was he riding recklessly, carelessly, at a high rate of speed, and without such care and prudence as persons of ordinary care would use under similar circumstances? You may also consider whether it was daylight or dusk at the time of the accident. You are to take all those circumstances into consideration for the purpose of determining whether he used ordinary care in riding and passing over the culvert at the time he was injured." It seems to us that this was a full and fair submission to the jury of every fact in the case having any bearing upon the question of the alleged contributory negligence of the plaintiff.

Other points were discussed in the argument of counsel,

but it is believed that those above determined are decisive of the case. We fail to find any material error disclosed in the record, and cannot, therefore, disturb the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.