ZIMMER, Respondent, vs. SCHMITT, Appellant.

*April 30—May 21, 1918.*

*Negligence: Trench dug in street: Failure to refill properly: Accident to automobile: Contributory negligence: Questions for jury.*

1. Where a plumber after digging a trench in a street filled it in the ordinary and usual way but not in the manner or in accordance with the specifications prescribed in his permit to do the work and in the city ordinances, and by reason of his failure to comply with such specifications the street was left in a defective and dangerous condition, he was guilty of negligence rendering him liable for injuries caused by such defect.

2. One who, after such trench had been filled, approached the place in an electric automobile at a speed of twelve miles an hour and, although he saw the earth in the street, did not slacken his speed, was not as a matter of law guilty of negligence contributing to an injury sustained when a wheel of his car fell into the trench, there being nothing to indicate to him as he approached that the place was soft or unsafe for travel, and he having the right to assume that the trench had been filled in the manner prescribed by law and therefore was reasonably safe and not in a defective condition. *Lauson v. Fond du Lac,* 141 Wis. 57, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action for damages. Plaintiff is an automobile owner living in the city of Milwaukee. Sometime during the early part of January the defendant, a plumber, under permit issued by the public authorities, dug a trench from the north line of Knapp street extending south six feet, the trench being two feet wide and eight feet deep. After making a sewer connection the defendant filled the trench, using water and clay which had been removed from the excavation. The permit provided that the defendant should do the work promptly, and upon completion of the work "at once restore the said street to as good condition as it was at the time said opening was made;" that in refilling the trench the earth must be placed therein in layers of not more than six inches in depth, and each layer must be thoroughly tamped and rammed to prevent after-settlement; that "no frozen materials will be permitted to be replaced, nor will ashes be allowed to be used for back-filling;" and that in the performance of the work the licensee shall "comply with the general ordinances of the city of Milwaukee." In filling the trench the defendant put in a layer of ground, then turned running water into the trench, and then tamped it, put in more clay and used more water until the trench was filled to the top. On account of the winter weather the trench was not filled permanently, and as the weather moderated the filling in the trench would sink, so that from time to time refilling and leveling became necessary.

On March 18, 1915, the plaintiff was driving east on Knapp street in an electric automobile, and as he passed over the place in question the wheel of the auto fell into the trench and the car swerved to the left and skidded, breaking a wheel. The plaintiff testified that he saw the earth in the street as he approached the point in question and that he did not slacken nor attempt to slacken the speed of the car.

Plaintiff brought suit in the civil court of Milwaukee county against the defendant and the city of Milwaukee. A .

jury was waived and, omitting formal matters, the court found that the excavation was made at the time and place claimed, under a permit granted by the city of Milwaukee for the purpose of making a trench and sewer connection; "that on account of the weather conditions it was not permanently refilled and replaced, but that it was temporarily refilled and the surface replaced from time to time as weather conditions and public travel permitted and demanded; that said street was out of repair by virtue of the condition of said ditch at the time of the accident; that the defendant *Edwin O. Schmitt* was not guilty of negligence;" that the city of Milwaukee had no notice of the defective condition of the street; that plaintiff's automobile was damaged as claimed; that the damage to said automobile was not occasioned by the negligence or carelessness of either of the defendants, and that plaintiff was not guilty of contributory negligence.    Judgment was entered accordingly, and plaintiff appealed to the circuit court.    No finding having been made by the civil court as to the amount of damages, it was stipulated that the damage sustained by the plaintiff was $300.    On the hearing of the appeal in the circuit court the judgment of the civil court was reversed and plaintiff had judgment against the defendant for $300, from which judgment defendant appeals.

For the appellant the cause was submitted 'on the brief of *Henry J. Killilea* and *George Luebke* of Milwaukee.

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Leo Mann,* all of Milwaukee.

ROSENBERRY, J.    While the circuit court assigns no reason for reversing the judgment of the civil court, the reversal must have been based upon the fact that the testimony established that the defendant *Schmitt* was negligent in the manner in which he filled the trench.    The circuit court

dismissed the complaint as to the city of Milwaukee, and there is no appeal from that part of the judgment.

We think the circuit court was clearly right in holding that the evidence established the negligence of the defendant *Schmitt*. It is claimed that because the defendant *Schmitt* filled the trench in the ordinary and usual way he cannot be charged with negligence. The permit itself specifies in express terms how the trench shall be refilled; that is, it shall be done in accordance with the conditions set out in the permit and the specifications prescribed by the public authorities. The specifications provide that in back-filling for trenches made in macadam pavements, after the trench is filled within three feet from the top in the manner prescribed, the next eighteen inches must be filled with gravel or sand thoroughly tamped in layers not exceeding six inches in depth. The next eighteen inches must be composed of crushed stone thoroughly tamped in layers not exceeding six inches in thickness, and new material only shall be used in the replacing of the macadam pavement proper.

It clearly appears that there was no effort made by the defendant to comply with these provisions. The accident was caused by reason of the fact that these requirements were not complied with, and instead of being filled with sand and crushed stone the trench was filled with soft clay, and as a consequence the wheel of plaintiff's automobile dropped into the depression and caused the damage complained of. The trial court found that "the said street was out of repair by virtue of the condition of said ditch at the time of the accident." We think the evidence clearly established the fact that the highway at the point in question was defective by reason of the defendant's negligence and conduct in failing to fill the trench as described by the terms of his permit.

It is also claimed that as a matter of law the plaintiff is guilty of negligence on the undisputed evidence. This

claim arises from the fact that plaintiff testified that he saw the earth in the street; that he did not slacken the speed of his car; and that at the time he struck the place in question he was driving at the rate of twelve miles an hour.

We have examined the evidence, and it cannot be said as a matter of law that plaintiff was guilty of negligence which contributed to the injury. The defective character of the street was due mainly to the filling which defendant had placed in the trench, contrary to the terms of his permit. It does not appear that plaintiff knew of the character of the filling or could have known it by such observation as he was able to make from his automobile. The danger not being open and obvious or apparent, under the circumstances of this case the plaintiff had a right to assume that the trench had been filled in the manner prescribed by law and therefore was reasonably safe and not in a defective condition. The facts in this case distinguish it from *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629. In that case a culvert was being replaced, leaving an opening in the highway about eight feet in width and nine feet in depth. Barriers were erected on either side of the opening, consisting of a single sixteen-foot fence board extending across the highway and nailed to posts, and the plaintiff drove through the barriers into the opening; the danger was open, obvious, and apparent. Here the defect consisted of a comparatively narrow break in the surface of the street in which there appeared to be earth, and there was nothing to indicate to the approaching driver that it was soft or that the place was unsafe for ordinary public travel.

*By the Court.*—Judgment affirmed.