DUBY, Appellant, vs. COLUMBIA COUNTY and others, Respondents.

*October 13—November 8, 1927.*

*Automobiles: Defective highways: Negligence of driver: Failure to observe obstruction in street.*

1. In the absence of anything putting an automobile driver on his guard or giving him notice of a defect in a public street, he has the right to assume that the street is maintained in a reasonably safe condition for travel.  p. 173.
2. The driver of an automobile is not negligent as a matter of law in failing to keep his eye constantly fixed on the road ahead of him, in the absence of any warning that there may be danger ahead; and in this case the question whether plaintiff was guilty of contributory negligence because he did not see a ridge of earth before his truck struck it and overturned, is for the jury.  p. 174.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge.  *Reversed.*

Action by *John W. Duby* against *Columbia County,* the city of *Columbus,* and *George W. Mulholland* to recover for personal injuries sustained on a public street.   From a judgment dismissing the complaint the plaintiff appealed.

The plaintiff was driving a truck loaded with furniture on a public street in the city of *Columbus* in *Columbia County* toward the place where a sewer had recently been placed in the center of the street over which plaintiff was traveling.   The ground had frozen before the trench was back-filled, and the frozen earth was placed in and over the trench in such a way as to make a ridge of earth in the center of the street.

Plaintiff had been traveling on his right-hand side of the street while he met several cars proceeding in the opposite direction with lighted headlights. He then turned back toward the center of the street and his truck ran up on the end of the ridge of earth and overturned. The court granted a nonsuit on the ground that plaintiff was guilty of contributory negligence.

For the appellant there was a brief by *J. T. Dithmar* and *R. P. Clark,* both of Elroy, and oral argument by *Mr. Dithmar.*

For the respondents there was a brief by *Elton J. Morrison,* district attorney of Columbia county, and *Dorothy Walker,* city attorney of Columbus, and oral argument by *Miss Walker.*

STEVENS, J. No question is raised as to the negligence of the defendants in leaving this ridge of earth in the center of a public street without any guard or warning of any nature. The case presents the question whether plaintiff was guilty of negligence as a matter of law because he did not see the ridge of earth before his truck struck it and overturned.

Plaintiff was driving at night, after there had been a fall of snow which rendered it more difficult to distinguish the outlines of the ridge of earth. As he turned toward the center of the street the lights in a factory across the street and in front of him were in the direct line of his vision. A witness who sat beside the plaintiff in the cab of the truck testified that he was watching the road all the time and that he did not see the bank of earth and did not know that there was anything of that nature in the road until he crawled out of the cab of the truck after it overturned. The plaintiff testified that he was looking in front of him and that he did not see the ridge until the truck tipped over. In the absence of something to put plaintiff on his guard or to give him notice of this defect in the street, he

had a right to assume that the defendants had performed their duty and provided a public highway that was reasonably safe for travel. *Raymond v. Sauk County,* 167 Wis. 125, 127, 166 N. W. 29.

Doubtless the court was led to grant the nonsuit because plaintiff testified that he was not looking at the center of the road just before his truck struck the ridge, and further because plaintiff expressed the opinion that he could have seen the ridge just as plainly from the truck, if he had looked before the accident, as he saw it when he stood on the ground beside the truck after the accident.

It is not negligence as a matter of law for the driver of an automobile to fail to keep his eye constantly fixed upon the road in front of him, in the absence of any warning that there may be danger ahead. In view of the positive testimony of the only witness who did watch the road all the time before the accident that he could not see the ridge of earth, we are satisfied that the evidence presented an issue of fact for the jury, in spite of the opinion expressed by the plaintiff that he could have seen the ridge of earth if he had been looking at the center of the road just before the accident.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.