KNAPP, Administratrix, Appellant, vs. SOMERVILLE, Respondent.

*April 5—May 8, 1928.*

For the appellant there were briefs by *John W. Kintzinger* of Dubuque, Iowa, and *Hill, Thomann & Beckwith* of Madison, and oral argument by *Mr. Carl N. Hill* and *Mr. Kintzinger.*

*Rodger M. Trump* of Milwaukee, for the respondent.

ROSENBERRY, J. The material facts are as follows: On November 1, 1924, two trucks owned by the defendant and driven by two of its employees, while traveling toward Madison stopped on the northerly side of the traveled portion of state trunk highway number 19, approximately 750 feet easterly of the easterly limits of the city of Madison. A Chevrolet truck was leading and was stopped approximately between the center line of the tarvia portion of the highway and the northerly edge of the traveled portion of the highway. This truck was followed by a Ford truck, with the rear end of which deceased's car subsequently collided. The right front wheel of the Ford truck was near the northerly edge of the tarvia, and the body of the truck diagonally across the right-hand side of the tarvia, with the left rear wheel at or just over the center line of the road. Both trucks

were painted black, including the cab, platform, rear wheels, and axle. The trucks had no front lights and the Ford truck had no tail light. Nor was there anything on the rear of the Ford truck which tended to reflect the lights of an approaching automobile.

On the evening in question the deceased was driving a Ford roadster and had with him one Claude Tiberghien, who was the owner of the car. The deceased was driving at the rate of about twenty-five miles per hour as he approached the city. The Ford car was equipped with lights so that under ordinary conditions its occupants could see an object the size of a man two or three hundred feet ahead of them. As the deceased and Tiberghien approached the point of collision and were approximately 250 or 300 feet easterly of it, an automobile traveling toward the city, which had been following the Ford car, started to pass the deceased's car. Simultaneously there was another automobile approaching from the opposite direction, coming from Madison toward Sun Prairie. The deceased and Tiberghien saw the headlights of this car approaching from Madison. The deceased turned his Ford somewhat farther to the right, or northwesterly, so that the right wheels of his Ford car were on the graveled portion of the highway. Tiberghien testified that they were watching the road and that to them the road appeared open. As the car going from Madison passed the deceased he turned his car back into the highway, and Tiberghien testified that when they were within twelve or fifteen feet of the point of collision he noticed something in the highway; that at the same instant the deceased slammed on the brakes, both the emergency and foot brakes, the Ford car slid about ten or twelve feet to the right center of the highway and collided with the rear end of the Ford truck. Tiberghien in the meantime opened the right-hand door and slid out through it before the collision and was uninjured. Knapp was pinned between the corner of the truck and the

back of the seat of the Ford car he was driving, and from the result of his injuries he died. The position of Knapp after the accident indicated that he attempted to get from behind the steering wheel and to throw himself to the right side of the seat. When the car was pushed back away from the truck, the deceased fell with his right arm and elbow on the running board, and as Tiberghien tried to pick him up and put him on his feet Knapp exclaimed: "I didn't see it, old man, I didn't see it."

The trial court in accordance with the rule laid down in *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, and the provisions of the statute, which practically incorporated the decision into the statute, upon motion of the defendant directed a verdict in defendant's favor upon the ground that plaintiff was guilty of contributory negligence as a matter of law.

In view of the arguments made in this case and in *Kleist v. Cohodas,* decided herewith (195 Wis. 637, 219 N. W. 366), we have again carefully re-examined this entire matter and this case is ruled by *Kleist v. Cohodas.* What is said there need not be repeated here.

*By the Court.*—Judgment affirmed.