Turecek, Appellant, vs. Marathon County, Respondent.

*September 14—October 9, 1928.*

A. M. *Andrews* of Shawano, for the appellant.

G. J. *Boileau* of Wausau, for the respondent.

Owen, J. Between 10 and 11 o'clock at night the plaintiff was driving his automobile in an easterly direction along a newly constructed highway prepared for travel to a width of twenty-seven feet. As he met a car going in a westerly direction, his automobile overturned, by reason of a defect in the highway.

It appears that at the point of the accident a circular galvanized iron drain pipe had been laid across and imbedded in the highway. For this purpose, a ditch four feet wide and two and one-half feet deep had been dug. The drain pipe,

however, was not of sufficient length to reach across the roadbed. It was five or six feet short. The pipe at hand was imbedded, the ditch filled in, and the pipe covered. The remaining portion of the ditch was left open and unprotected. The dirt taken therefrom was thrown out on either side of the ditch. This condition had existed some time previous to the accident. Grass and weeds had grown on this dirt. It resulted in a narrowing of the traveled portion of the. highway at that point. Just after meeting the automobile and turning to the right to let it pass, the right front wheel of plaintiff's car ran into the open ditch, causing him to lose control of the car, which caused the automobile to tip over, resulting in damage to himself and car.

The trial court was of the opinion that the situation was ruled by *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, the doctrine of which is that the driver of an automobile who drives his machine at such a rate of speed that he cannot bring it to a standstill within the distance that he can plainly see objects or obstructions ahead of him, is not exercising ordinary care, and that it is negligence to run an automobile on a highway at night without sufficient lights to enable the driver to see objects ahead of him in time to avoid them. This doctrine has not only been rigidly adhered to by this court since its declaration in *Lauson v. Fond du Lac, supra (Kleist v. Cohodas,* 195 Wis. 637, 219 N. W. 366; *Knapp v. Somerville,* 196 Wis. 54, 219 N. W. 369), but it has been embodied in our statutory law. Sec. 85.13, Stats. If the doctrine be applicable to the situation here presented, the judgment of the circuit court must be affirmed.

The only testimony in the case concerning the height of the dirt was that of one witness who testified that it was about twenty inches high. An examination of a photograph found in the record indicates that it probably was not higher. At what point it reached the height of twenty inches was not testified to. It appears that the north end of the pile, being that portion adjacent to the traveled track, had been caught

and run over by the patrolman's grader or drag, and that the highest portion of the dirt at that point had been graded down. The dirt at this point, therefore, did not afford an abrupt obstruction in the traveled portion of the road. But however that may be, it was not the dirt but the ditch that caused the accident. If there was any obstruction in the highway it was the dirt; but the dirt concealed rather than revealed the real cause of the accident, which was the ditch. It has been held by this court that the doctrine of *Lawson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, does not apply to such defects in the highway. *Zimmer v. Schmitt,* 167 Wis. 430, 167 N. W. 739; *Duby v. Columbia County,* 194 Wis. 172, 215 N. W. 819. It is apparent that the automobile went into the ditch at the extreme north end thereof. This from the fact that the rear left wheel did not go into the ditch. At any rate, there is no evidence to that effect, and we assume that it was the right front wheel that went into the ditch. This wheel, therefore, ran over the dirt at the very edge of the traveled portion of the highway, which, as we have seen, had been scraped or leveled down by the drag or grader of the patrolman. Did it appear that the dirt was the cause of the accident, it might be pertinent to consider whether the situation is not governed by *Branegan v. Verona,* 170 Wis. 137, 174 N. W. 468. But it seems needless to consider that question because it so plainly appears that the ditch and not the dirt was the defect which caused the accident. The situation falls fairly within the principle announced in *Zimmer v. Schmitt,* 167 Wis. 430, 167 N. W. 739, and *Duby v. Columbia County,* 194 Wis. 172, 215 N. W. 819. The question of plaintiff's contributory negligence was one for the jury, under the circumstances, and judgment should have been rendered in favor of the plaintiff on the verdict.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment upon the verdict in favor of the plaintiff.