BECK, Respondent, vs. FLASCH and another, Appellants.

*December 7, 1931—January 12, 1932.*

432

For the appellants· there was a brief by *Stewart E. Farley* and *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, and oral argument by *Arthur B. Doe,* all of Milwaukee.

*Avin Sable* of Milwaukee, for the respondent.

FAIRCHILD, J. The assignments of error and the argument of appellants direct our attention particularly to the state of the evidence on which the jury found the plaintiff free from contributory negligence. Appellants insist that as a matter of law under the evidence the plaintiff was guilty of such negligence.

The trial court felt that the facts here were distinguishable from those in *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, and declined to follow that case in this instance. It had been raining all day and was dark as the plaintiff drove at the rate of twenty to twenty-five miles an hour to the point where he saw the truck one hundred and fifty feet ahead of him. He testified: "I had watched the truck all the way from the time I first saw it one hun-

dred and fifty feet away from me until the time of the accident. I had my eye on it all the time." It appears that he assumed because it was a truck and on the highway that it was moving from ten to twelve miles an hour. He says: "It had no tail lights whatsoever and I still thought it was going along at a slow rate of speed, and when I got close to the truck I was going to turn out to avoid hitting it or going to pass it; then was when I saw that there was another car coming up from the city."

Appellants rely upon *Lauson v. Fond du Lac, supra,* which lays down the rule controlling in this state that a driver cannot recover damages when he has run into a barrier because of insufficient lights on his machine or because he negligently failed to operate his automobile at such a speed as would enable him to stop within the distance he could see objects plainly visible by the aid of his headlights. Respondent concedes that that case, and *Kleist v. Cohodas,* 195 Wis. 637, 219 N. W. 366, and *Knapp v. Somerville,* 196 Wis. 54, 219 N. W. 369, state the correct rule of law of Wisconsin as to the necessity of having such control over a car as to be able to stop within the distance thrown by the light of his headlights, but insists that the doctrine therein laid down does not apply to the case at bar.

It is easy to imagine and state a case where one would be guilty of negligence by creating an impression that all was safe ahead and where an approaching driver might be free from contributory negligence in relying upon the assurance so given. The facts in this case, however, cannot be so interpreted. From the evidence it appears that the respondent assumed he would be able to pass the standing truck, or, as he put it, the slow-moving truck, without materially changing his rate of speed; that his failure to calculate on the possibility of an oncoming car interfering with his passing the truck is why he permitted himself to arrive at a point so near the rear of the truck ahead of him before reducing his speed so as to make it impossible for him to

stop in time to avoid a collision. It is unlawful for the driver of a car to operate it on any portion of the left side of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety. Had the truck been moving slowly as respondent assumed it was, still by continuing to overtake it without reducing his speed he was failing to make proper preparation for an emergency likely to occur, in fact just such an emergency as did occur. A driver is bound to avail himself of opportunities to inform himself of the speed at which a car preceding him is traveling.

As suggested by the learned trial judge, there are facts in the *Lawson Case, supra,* differing from those in this case. One discovering a barrier across the road would know instantly that he must stop, but the fundamental principle there laid down is to control the conduct of one overtaking a vehicle moving in the same direction: *Yahnke v. Lange,* 168 Wis. 512, 515, 170 N. W. 722. His lights must be sufficient to enable him to discover it and his speed must be such that he can stop within the distance within which the object is plainly visible by the aid of his headlights. If, instead of standing, the truck had been moving two or three miles per hour and the collision had resulted, then the negligence of the respondent would quite readily appear. Under the facts in this case the respondent knew the truck was there. He knew he was overtaking it; he knew at least that it was moving more slowly than he was, and that unless he passed it, or stopped, he would hit it. If the other lane for northbound traffic was occupied, he knew, or ought to have known, that he could not pass, and then in that event that he must stop or collide with the rear end of the truck.

Under these conditions and limitations the plaintiff, for his own safety as well as for the safety of the general public, was bound to see that which was within his light limita-

tion, and to reduce his speed so that he would be able to stop if he could not pass. While traveling the one hundred and fifty feet he must have known he would have to pass or collide with the truck.

Attempting to pass a car without some idea of its speed and suddenly discovering the way blocked by the nearness of an approaching car must result in disaster unless the car ahead of him which he is attempting to pass is going fast enough to make way for him to turn back into the lane of travel.

Respondent's negligence is in failing to regulate his speed while approaching an object known by him to be in front of him so as to enable him to meet the usual events involved in passing cars on highways. There is a responsibility resting upon a driver overtaking another to avoid colliding with a car ahead, and he is required to so regulate his speed as to be able to stop in time to avoid a collision in an effort to return to his lane of travel. Respondent testified he could stop within fifteen or twenty feet. There appears to exist no reason why he did not ascertain whether he had an opportunity to pass the truck so far as oncoming vehicles were concerned before he let himself get into a position so close to the overtaken truck that he could not stop before striking it. The highway was straight and the oncoming car which caused him to turn back had its headlights lighted and was plainly visible.

There is evidence sustaining the finding of the jury as to the negligence of the appellants, though there does seem to be a scarcity of evidence to warrant a finding that it was practicable to have parked the truck farther to the right than it was parked, but because of the conclusion reached it is unnecessary to discuss that feature of the case.

The failure to have the rear lights visible did not prevent the respondent seeing the truck. He testifies he saw it, and had he acted with ordinary care the collision would have been avoided.

*By the Court.*—Judgment reversed, with directions to answer question No. 4 of the special verdict "Yes" as to control of the car, and to dismiss the complaint.

Owen, J. (*dissenting*). It is apparent that this accident happened because of the failure of the plaintiff to appreciate the fact that the truck was standing still instead of moving on the highway. Had the truck been moving at a moderate rate of speed, as the plaintiff assumed, the accident would not have happened. It is held that because he failed to appreciate this fact he is guilty of contributory negligence as a matter of law. To this I do not assent. His duty in the premises is not referable to any statute, nor can reference be made to any established rule of law which he violated. The duty imposed upon him under the circumstances was the exercise of that degree of care which the great mass of mankind would exercise under the same or similar circumstances. But that degree of care was a matter for the determination of the jury. It can be easily determined that had he exercised a greater degree of care than he did, the accident would not have happened, but it does not establish the proposition that he was bound to exercise that higher degree of care. I think minds may reasonably differ upon the proposition of whether he could properly assume that the truck was moving instead of standing upon the concrete highway, especially in view of the fact that a standing truck upon the highway is not only an unusual but a rare occurrence. I think the jury was warranted in finding that the plaintiff exercised the same degree of care that the great mass of mankind would have exercised under the circumstances. I therefore dissent.

I am authorized to state that Mr. Justice Fowler and Mr. Justice Wickhem concur in these views.