PETLOCK, Respondent, vs. KICKHAFER and another, Appellants.*

MILLER, Respondent, vs. SAME, Appellants: PETLOCK and another, Respondents.*

*January 6—February 4, 1958.*

* Motion for rehearing denied, without costs, on April 8, 1958.

For the appellants there was a brief by *Holden & Schlosser* of Sheboygan, attorneys, and *Benton, Bosser, Fulton,*

*Menn & Nehs* of Appleton of counsel, and oral argument by *David L. Fulton* and *John R. Holden.*

For the respondents there was a brief and oral argument by *L. O. Cooke* of Neenah, for Beverly Petlock, and by *Henry P. Hughes* of Oshkosh, for Donna Mae Miller.

BROADFOOT, J.  The accident occurred at about 7 :45 a. m. on August 18, 1954, on State Trunk Highway 44 about five miles south of Oshkosh.  The defendant Kickhafer was employed at the Winnebago State Hospital located near Oshkosh.  She resided with her brother, Ferdinand Pansie, on a farm near the point of the accident.  She was the owner of a 1941 Nash automobile which she drove to and from work.  On the morning in question her car would not start. An attempt was made to push it with another car but the bumpers locked.  The bumpers were disengaged and her car was then pushed to a point five to 10 feet from the east edge of the highway.  From that point the driveway sloped downward to the highway.  Starting opposite the driveway there is a five per cent downgrade in the highway for a distance of about 200 feet to the north.  Upon approaching the highway Kickhafer stopped her automobile and looked in each direction.  She waited while a truck passed on the highway, then looked in both directions and seeing nothing she released the brake and her car started coasting down the highway to the north.  She hoped her car would gain sufficient momentum on the grade so that when she let in her clutch the car would start.  She had reached a point about 150 feet north of the driveway and her car was either stopped or proceeding very slowly upon the right-hand lane of the highway when it was struck by the Petlock car.*

Miss Petlock lived in Ripon but was engaged in secretarial work at Oshkosh, and had been for approximately three years prior to the date of the accident.  She was the owner of a 1954 Ford automobile.  On the morning in question she

---

* See post, p. 78a.  REPORTER.

had as passengers four other girls who lived in or near Ripon and who worked in Oshkosh. She also had with her her young sister who was about twelve years of age. The sister sat next to Miss Petlock and the plaintiff Miller sat on the right side of the front seat. The other three girls sat in the rear of the Petlock car. As she approached the scene of the accident Petlock rounded a slight curve and reached the crest of a hill at about the point where the Pansie driveway entered the highway from the east. When she reached a point opposite the driveway Petlock saw the Kickhafer car about 150 feet north of her on the highway. She also saw another car approaching from the north going toward Ripon. She could not turn out to pass the Kickhafer car on the left without colliding with the southbound automobile so she applied her brakes and turned to the right with the idea of passing the Kickhafer car by driving on the east shoulder of the highway.

The highway was surfaced with black-top to a width of about 22 feet with shoulders on each side of the black-top. It had rained during the night and had been misting during the morning. Miss Petlock testified that the pavement was wet and that she knew from her previous driving experience that wet black-top is more difficult to stop on than dry pavement or black-top. She further testified that she realized she could not stop in the distance that existed between her and the Kickhafer car. She applied her brakes and turned to the right upon the shoulder. The shoulder was wet and her car swerved from the shoulder so that the left front of her car struck the right rear of the Kickhafer car. The Petlock car swerved around so that when it stopped it was facing in the opposite direction. There was some dispute as to whether the Kickhafer car was completely stopped upon the highway just prior to the collision or whether it was proceeding at a low rate of speed. In any event, the Kickhafer car, if moving, was proceeding because of gravity and not because of power generated by its motor.

The sole issue presented upon this appeal was whether Petlock was causally negligent as to speed as a matter of law. The appellants contend that she was, while the respondents contend that it was a question of fact for the jury and the finding of the jury was in favor of Petlock. Kickhafer contends that the question is governed by the cases of *Reuhl v. Uszler,* 255 Wis. 516, 39 N. W. (2d) 444, and *Henthorn v. M. G. C. Corp.* 1 Wis. (2d) 180, 83 N. W. (2d) 759, and other cases therein cited. Both Petlock and Miller contend that those cases are not applicable because of the differences in the fact situations. Because of the differences in the facts the cases may not be used as precedents but the principles laid down in those cases are controlling. In the *Henthorn Case* we quoted with approval from the *Reuhl Case* as follows (p. 188):

" 'Independent of statute, when the view of the driver of an automobile is obstructed, whether by reason of a grade or otherwise, the speed of the car should be so reduced that the car can be stopped within the distance the driver can see ahead. See *Zigler v. Kinney* (1947), 250 Wis. 338, 27 N. W. (2d) 433, and *Lauson v. Fond du Lac* (1909), 141 Wis. 57, 123 N. W. 629.' "

In each of those cases there was a collision between a stopped vehicle and a vehicle approaching from the rear and in each of the cases it was determined that the driver had violated the rule enunciated and was therefore causally negligent with respect to his speed. The same rule is applicable here. Petlock's view ahead was obstructed by reason of the grade. She was unable to see the highway or a car thereon to the north of her until she reached the Pansie driveway. Because of her speed in connection with her limited vision and the wet black-top and the wet shoulder she was unable to stop her car within the distance she could see ahead. We must, therefore, hold that she was causally negligent with respect to her speed as a matter of law.

The judgment in the action in which Beverly Petlock is plaintiff must be reversed and a new trial ordered. The parties agreed that in case the defendant Petlock is found to be causally negligent with respect to speed as a matter of law the judgment in the Donna Mae Miller action, because of the settlement, must be modified by reducing the amount to be recovered from Kickhafer and her insurance carrier to the sum of $3,134.68. The judgment will be so modified and, as so modified, is affirmed.

*By the Court.*—The judgment in the action in which Beverly Petlock is plaintiff is reversed, and cause remanded for a new trial. The judgment in the action in which Donna Mae Miller is plaintiff is modified as above indicated and, as so modified, it is affirmed.

The following opinion was filed April 8, 1958:

BROADFOOT, J. (*on motion for rehearing*). Because the above-entitled cases were consolidated for trial, were argued together upon appeal, and but one opinion was written, the joint motion for rehearing raised separate issues affecting each case.

In the case in which Beverly Petlock was plaintiff the following statement in the opinion was challenged (p. 76):

"She had reached a point about 150 feet north of the driveway and her car was either stopped or proceeding very slowly upon the right-hand lane of the highway when it was struck by the Petlock car."

The jury had found that the defendant Kickhafer was causally negligent with respect to stopping her automobile upon the highway, and that fact had been stated in the opinion. The sentence therefore is corrected to read:

"She had reached a point about 150 feet north of the driveway and her car was stopped on the right-hand lane of the highway when it was struck by the Petlock car."

Whether the defendant Kickhafer was stopped or proceeding very slowly at the time of the collision would be immaterial. The change made does not affect the outcome of the case and no change in the mandate is required because thereof.

As a second point in the Petlock case it is contended that the defendants did not challenge the award of damages upon the appeal and that the new trial should not include the issue of damages. In their brief the defendants state that they are satisfied with the jury's award of damages to Beverly Petlock and are agreeable to a change in the mandate accordingly.

In the case in which Donna Mae Miller was plaintiff our attention is called to the fact that the damages awarded to the plaintiff were $5,968.74. Costs in the amount of $300.62 were taxed, and a judgment was entered in the sum of $6,269.36. Because of the fact that the defendant Petlock had made a settlement in the Miller case our opinion recited that the judgment in favor of Donna Mae Miller should be reduced to one half of the amount of the judgment, or the sum of $3,134.68. Plaintiff Miller now contends that the judgment should have been reduced only by one half of the amount of the damages found by the jury, together with the total amount of costs. The defendants oppose this contention.

Although no authorities are cited by either side the contention has merit. Because the defendants refused to settle, plaintiff Miller was required to go to trial, to produce witnesses, and to incur expenses that are the basis for the taxation of costs and disbursements.

The motion for rehearing is considered to be a motion to amend the mandate. Therefore the mandate herein is amended to read:

"*By the Court.*—The judgment in the action in which Beverly Petlock is plaintiff is reversed, and cause remanded

for a new trial on the issue of the causal negligence of the parties only. The issue as to damages need not be retried. The judgment in the action in which Donna Mae Miller is plaintiff is modified by reducing the amount thereof to the sum of $3,284.99 and, as so modified, it is affirmed."

The motion for rehearing is denied without costs.