## CLEVELAND TRANSFER CO. v. A. H. CLARK.

Eastern Section.   April 30, 1927.

Judgment affirmed by Supreme Court, November 22, 1927.

1. **Negligence.  Party is guilty of contributory negligence when driving a car at a speed that it cannot be stopped within the distance the lights will disclose an obstruction.**

   In an action to recover for damages to an automobile where the evidence showed that defendant's car was parked on the wrong side of the street, and plaintiff drove into it, and the evidence further showed that the lights of plaintiff's car would have disclosed defendant's car at a distance of ten or twelve feet, held that plaintiff was guilty of contributory negligence.

2. **Negligence.  The fact that the weather was rainy and dark and plaintiff was required to drive with dimmers does not relieve him of duty to operate car at a speed that it can be stopped within a distance an obstruction will be disclosed by the lights of the car.**

   In an action to recover for damages to an automobile, where the evidence showed that the night was dark and rainy, and the plaintiff was compelled to drive with dimmers, held that this did not relieve him of the duty of driving at such a rate of speed that he could stop his car within the distance illuminated by his lights.

Appeal in Error from Circuit Court, Bradley County; Hon. Pat. Quinn, Judge.

Reversed and dismissed.

S. J. McAllester and Harry R. Hayes, of Chattanooga, for plaintiff in error.

Haven & Westerberg, of Cleveland, for defendant in error.

THOMPSON, J.  The plaintiff, A. H. Clark, brought this suit before a justice of the peace against the defendants, Joe Hawk and C. W. Landin, doing business under the name of Cleveland Transfer Company, to recover damages to plaintiff's automobile sustained in a collision with defendants' truck.  When the case reached the circuit court on appeal by defendants, it was tried by a jury which rendered a verdict in favor of the plaintiff for $100, and court costs. The defendants, their motion for new trial having been overruled, have appealed to this court and assigned error.

Taking the version of the evidence most favorable to plaintiff, the facts are as follows:

Central avenue in the City of Cleveland, Tennessee, extends east and west and is a paved street. On an evening in April, 1926, there was a tent show of some kind on the south side of Central avenue in about the middle of a block. There were two or three electric lights in front of this show, but their rays did not light the north side of the street, and there were some trees on the north side overhanging the street and making that side dark.

The defendants had a contract with the operators of the show to have a truck there at 10:00 p. m. and haul away the tent and other equipment of the show. Pursuant to this contract or agreement the defendants' truck was driven there at 10:00 p. m., but on account of the fact that automobiles were parked in the street on the south side in front of the show, the defendants' truck was stopped and allowed to stand on the north side parallel to the curb and headed west. It had no rear or tail light burning on it, and as stated, it was dark on that side of the street. Under the city ordinances which were pleaded and proven, parking was not permitted on the north side of the street, and there was a "No Parking" sign located on that side. Said ordinances also required a red rear or tail light to be burning at night.

The plaintiff was driving his Chevrolet roadster west along the north side of Central avenue on his way to his home. Mr. Bruce Hooper was in the car with him. They testified that they were running eight or ten miles an hour, but another witness for plaintiff testified that they were running from ten to fifteen miles per hour. They also testified that in accordance with a city ordinance they had their "dimmers" burning instead of their bright headlights, and that by the light of these dimmers they could see objects as far as eight or ten feet in front of them. It was "misting," "drizzling," or 'sprinkling" rain, and this made it more difficult to see, although there was a windshield wiper on the windshield. Plaintiff, Clark, who was driving did not see the truck until his car was within two or three feet of it and it was then too late to stop. He ran into the rear end of the truck and badly damaged the front end of his car.

The ordinance requiring the use of "dimmers" provides as follows:

"Be it further ordained that it shall be unlawful for any person to operate an automobile, truck or other motor vehicle, while operating the same upon the public streets and alleys and highways within the city limits to use any acetylene or other bright lights or any headlights, the rays from which shall be intensified by any parabolic or condensing lenses in front of the light, unless the same shall be shaded or dimmed so as not to blind or dazzle other users of the streets and make it difficult for them to ride and drive thereon. The

shading or dimming of the upper half of the lens shall be deemed a compliance with the provisions of this ordinance.''

At the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, the defendants moved for peremptory instructions. The overruling of this motion is the basis of the first and third assignments of error, the defendants insisting that the case is governed by the holdings of the Supreme Court in West Construction Company, v. White, 130 Tenn. 520, 172 S. W. 301, and Knoxville Railway & Light Co., v. Vangilder, 132 Tenn. 487, 178 S. W. 1117.

The plaintiff insists that on account of the fact that it was raining, and particularly on account of the fact that he was required by the ordinance to use his ''dimmers'' instead of his bright headlights, the case is distinguishable from the said two decisions of the Supreme Court, and that he was entitled to go to the jury on the question of his contributory negligence.

It seems to us that there is plausibility in plaintiff's argument that on account of the rain and his required dim lights and the defendants' conceded negligence in parking their truck in the dark  and rain without a light on it, it was a question for the jury as to whether the plaintiff's negligence proximately contributed to the accident. But the two decisions of the Supreme Court establish the principle that a driver should so operate his car as to be able to stop within the distance (whatever that may be) that his lights will disclose obstructions ahead, and that if he does not do so he is (as a matter of law for the court and not the jury) guilty of negligence proximately contributing to his collision with the obstruction. If, on account of rain or dim lights, he can see only ten feet ahead, then he should drive at such speed that he can stop within ten feet, etc., and he should always be upon the lookout for an obstruction in front of him.

The fact that it was raining does not  change the principle of those cases. In fact, in the White case the night was ''misty and dark,'' and in some of the decisions cited and approved, the quotations therefrom disclose that it was raining. Neither does the fact that plaintiff was using his ''dimmers'' because required to do so by a municipal ordinance change the principle. In both events it was his duty, as held in said cases, to so drive that he could stop within the distance his lights would disclose an obstruction. Indeed, in the case at bar plaintiff's lights were shown by his own evidence to be sufficient to disclose objects eight or ten feet ahead, and plaintiff testified that he did not see the  truck until he was within two or three feet of it.

We think this case falls squarely within the decisions in the White and Vangilder cases, and the judgment of the trial court will be reversed and the plaintiff's suit dismissed at his cost.

Portrum and Snodgrass, JJ., concur.