## DAVID H. PATTERSON v. W. D. KIRKPATRICK.

Middle Section. February 3, 1930.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

Bennett Eslick and John B. Wilkes, of Pulaski, for plaintiff in error, Kirkpatrick.

David Rhea, of Pulaski, for defendant in error, Patterson.

CROWNOVER, J. This case is not correctly styled, as Patterson obtained a judgment below and Kirkpatrick has appealed in error. It should be styled, W. D. Kirkpatrick, plaintiff in error, v. David H. Patterson, defendant in error.

This was an action for damages to plaintiff Patterson's automobile, caused by a collision at night with defendant's truck parked on the public square in the town of Pulaski. The suit originated before a Justice of the Peace and was appealed to the circuit court, where it was tried by the judge and a jury, and resulted in a verdict and judgment for $250. The defendant, Kirkpatrick, has appealed in error to this court, and has assigned errors.

The negligence complained of is, first, that defendant had negligently parked his truck on the public square at night in violation of a city ordinance; second, that it was negligence to park at night a truck with a long floor, three inches thick, without side-boards, projecting out behind into the street.

The defendant moved the court for peremptory instructions, the grounds of which are, when summarized, that:

(1) There was no evidence showing defendant was guilty of negligence or that he had failed to discharge any duty or obligation to plaintiff, imposed by law, statute or ordinance.

(2) Because the plaintiff was guilty of contributory negligence in driving so fast that he could not avoid an obstruction within the distance lighted by his lights.

(3) Because the proof did not state a cause of action or show any violation of law or ordinance.

(4) Because the 1926 ordinance, purporting to be a general traffic ordinance, allowing the parking of automobiles, repealed by implication the 1911 ordinance prohibiting the parking of automobiles at night on the streets and public square of the town of Pulaski. Hence the parking of the truck violated no ordinance.

Said motion for peremptory instructions was overruled, and the case was submitted to the jury, with the result hereinabove stated.

Plaintiff in error, Kirkpatrick, has assigned several errors, which, when summarized, are:

(1)  There was no evidence to support the verdict.

(2)  The court erred in overruling defendant's motion for a directed verdict.

(3)  The plaintiff was guilty of contributory negligence which barred a recovery.

(4)  The court erred in submitting to the jury the proposition, whether it was negligence for defendant to park his truck at night with a long floor, projecting out behind into the street; and also in submitting to the jury whether the plaintiff was guilty of contributory negligence in not seeing the truck floor projecting behind out into the street, because it was above the rays of his lights.

(5)  The verdict was excessive.

The defendant, Kirkpatrick, was the owner of a truck, the bed of which was larger than the ordinary truck. The proof showed that the bed had no side-boards and consisted only of a floor which was from two and one-half to six inches thick and projected out behind from four and three-fourth to seven or eight feet beyond the rear axle. He carried the mail from the postoffice to the trains, and had parked his truck on the west side of the public square, waiting for the midnight train, when the plaintiff drove his automobile down the street to the corner of the square, turned north and drove his car into said truck which was parked twenty-seven feet from the corner of the square.

The proof further showed that the town of Pulaski had passed an ordinance in 1911, prohibiting the parking of automobiles at night in the streets and on the public square, and in 1926 it had passed another ordinance purporting to be a general traffic ordinance, covering the whole subject, a section of which allowed the parking of cars at an angle of forty-five degrees to the curb without restricting it to the daytime.

██ ██  We are of the opinion that the first and second propositions that there was no evidence to support the verdict or that there was no evidence that the defendant failed to discharge any duty or obligation to the plaintiff, and that the court erred in overruling defendant's motion for a directed verdict, are not well made.

We are of the opinion that the ordinance of 1911 was impliedly repealed by the general traffic ordinance of 1926, purporting to cover the whole subject, although not expressly repealing that ordinance by name or number. See Shannon's Constitution of Tenn., 252; Railroad v. Railway, 116 Tenn., 514, 95 S. W., 1019. A general ordinance covering the whole subject repeals by necessary implication an

earlier ordinance on the same subject, although the earlier ordinance had specific provisions not mentioned by the latter ordinance. Schmalz-ried v. White, 97 Tenn., 35, 36 S. W., 393; 43 C. J., 564-5. Hence, negligence could not be predicated on the violation of the ordinance, but the question whether it was negligence for the defendant to park his truck with a long floor, without side-boards, projecting out behind into the street, was a question that was properly submitted to the jury, and the jury having found that defendant was guilty of negligence, there was evidence to sustain the proposition, and these assignments must be overruled.

■ The third proposition, of plaintiff's contributory negligence in not seeing the obstruction, presents a difficult question, but we are of the opinion that under the facts of this case the court was correct in submitting the proposition to the jury. The plaintiff says that he came to a full stop at the intersection of the two streets, shifted his gears into first, turned to his left and shifted the gears into second, and was going north at a rate of twelve or fifteen miles per hour, when the accident happened; that he did not see the truck until the collision occurred, because his lights were deflected to the right in turning the curve, and when he straightened up he was within seven or eight feet of the truck and saw the bulk of something but could not see the truck or the projecting floor because its body and the floor were above the rays of his lights.

Of course, his failure to see the truck was not the proximate cause of the accident, but the accident was caused by the projecting floor of the truck which was above the rays of his lights. He says that his lights were in good condition and that he could see down the road from fifty to seventy-five feet away but could not see this projecting floor of the truck because it was above his lights.

The cases of West Construction Co. v. White, 130 Tenn., 520, 172 S. W. 301; Knoxville Ry. & Lt. Co. v. Vangilder, 132 Tenn., 487, 178 S. W., 1117; The Cleveland Transfer Co. v. Clark, 6 Tenn. App., 364; and Lauson v. Fond du Lac, 141 Wis., 57, 123 N. W., 629, 135 Am. St. Rep., 30, hold that the plaintiff is guilty of contributory negligence as a matter of law in driving so fast that he cannot avoid an obstruction within the distance lighted by his lights, or within the distance in which his lights would disclose the existence of an obstruction. But the situation presented in the present case is different from those stated in those cases. The plaintiff was not guilty of any negligence in turning at the corner, nor in driving at the rate of speed he was going when the collision occurred, as his lights were in good condition and he could see from fifty to seventy-five feet ahead and was looking ahead, but he states that his lights were tilted downward, as with all cars, and that he could not see the projecting floor of the truck because it was above the rays of his

lights. He was looking ahead and the question of whether he was guilty of contributory negligence under such circumstances was properly submitted to the jury.

"The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery." Roofing & Mfg. Co. v. Black, 129 Tenn., 36, 164 S. W., 1183, 51 L. R. A. (N. S.), 340; R. R. v. Wade, 127 Tenn., 154, 153 S. W., 1120; 20 R. C. L., 166-171.

In Lauson v. Fond du Lac, supra, the failure to see the plank placed across the road as notice and warning of the excavation beyond, was not the proximate cause of the accident, but it was the plaintiff's contributory negligence in driving so fast that he could not stop his car after he saw the excavation in the road in front of him. The question in this case was whether an ordinarily prudent man driving a car would anticipate an obstruction up in the air in the road, such as a cable stretched across the road or a pole or, as in this case, a floor projecting out into the road, and should he accommodate his lights to such conditions and then drive at such rate of speed as to be able to stop when he saw such obstruction. This being out of the ordinary, the question of whether he was negligent and whether it contributed as a proximate cause to the accident, was properly submitted to the jury.

The Court of Civil Appeals at its May Term, 1924, at Knoxville, held, in the case of J. L. Golden v. R. C. Hill & Co., Claiborne County Law, that the question whether the plaintiff was guilty of contributory negligence in not seeing at night a wire cable stretched across the road by the contractor who was constructing the highway, and whether such an obstruction was one that an ordinarily prudent man driving an automobile, with ordinary lights, and using due care, should have seen, were questions for the jury.

To sustain this assignment of error, would be to hold that, where one drove into an obstruction with his dimmers on and lights tilted downward so as to see the road in front of the car and failed to see the obstruction above the rays of his lights, he is guilty of negligence as a matter of law. Many towns in Tennessee have ordinances re-

quiring the use of dimmers and lights tilted down immediately in front of the car so as to prevent the glare of the lights in front, as in the case of the Cleveland Transfer Co. v. Clark, supra. In such cases, where the obstruction is up in the air above the rays of the lights, an accident would ordinarily be inevitable, no matter how slowly the car is driven. It results that this assignment of error must be overruled.

■ It necessarily follows that the two assignments of errors about the court's charge on the foregoing propositions of negligence and contributory negligence, must be overruled, as there was no error in the court's charge, as hereinabove set out.

■ We are of the opinion that the fifth assignment of error, that the verdict was excessive, must be overruled, as there was proof submitted to the jury that plaintiff's automobile was damaged more than the jury allowed; hence, there is nothing in this proposition.

It results that all the assignments of error must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court in favor of the defendant in error, David H. Patterson, and against W. D. Kirkpatrick, for $250 with interest from January 24, 1929. The cost of the cause, including the cost of the appeal, is adjudged against the plaintiff in error and the surety on his appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.