## HARRIS v. HENDRIXSON.—155 S. W. (2d), 876.

Middle Section.   May 24, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

Frank Davenport, of McMinnville, for plaintiff in error.
R. L. Turner, of Smithville, for defendant in error.

HOWELL, J.   This is an automobile damage suit which originated in a Magistrate's Court and upon appeal resulted in a judgment in the Circuit Court of Warren County, for the plaintiff Tolbert Hendrixon against the defendant Dr. John S. Harris for $39.05 for damage done to the plaintiff's car in a collision which occurred on the Smithville Road about 9 P. M. on the night of February 18, 1940.   The case was tried by the Circuit Judge without jury.

The defendant below has appealed in error and assigned errors as follows:

"1.   The lower court erred in overruling the motion for a new trial made by the plaintiff in error for the reasons and grounds set forth in said motion, rendering judgment against plaintiff in error for Thirty-nine and 05/100 Dollars and costs of suit.

"2. The lower Court erred in not finding and adjudging that the defendant in error was guilty of contributory negligence, which would bar his right of recovery, because he was driving at such a rapid rate of speed that he was unable to or failed to stop his car within the range of his headlights and within the time the car of the plaintiff in error appeared within his sight and range of vision, which negligent failure to stop his car was the proximate cause of his injuries and damages.

"3. The lower court erred in not finding and adjudging that the defendant in error was guilty of contributory negligence which would bar his right of recovery, because he negligently failed to drive his car to the left around the car of plaintiff in error and pass him on the other side of the road, said road being clear and free of traffic with visibility ahead sufficient to show the unobstructed road, which action by the defendant in error would have avoided the accident, and his negligent failure to do so being the proximate cause of his injuries and damages."

All assignments of error will be considered together. The material facts are not really disputed.

On the night mentioned the plaintiff, driving a Ford coupe with two girls and another boy on the seat with him, was going toward Smithville about one and one-half miles from McMinnville when they went over the top of a hill and then the driver saw a car about half way down the hill in front of him going in the same direction. Plaintiff was driving, he says, about 40 miles per hour and the defendant's car was proceeding slowly, when at a place 567 feet from where plaintiff first saw defendant's car, he drove head on into the rear of defendant's car damaging the front end of his own car to the extent of $39.05. There was nothing to obscure a view of Dr. Harris' car after plaintiff says he first saw it, 567 feet ahead of him, and no other cars in sight going in either direction. The rear light on defendant's car was burning and the plaintiff from his own testimony was not crowded and his view was not obstructed. It was a dark night and a little misty, his brakes were in good condition, his lights were good and he could see a long distance. The road was paved and was about 18 feet wide with 2 foot dirt shoulders, and from the top of the hill where he first saw defendant's car the road was straight. He says he did not slow up his speed, nor did he turn to the left to pass defendant's car because he did not think he had time to pull around it. The plaintiff says the defendant was going slowly on the right side of the road when he first saw him and had stopped when he hit him, without giving any signal. The defendant says he was driving slowly, 5 to 10 miles per hour and then slowed down to 2 to 5 miles per hour but did not stop, and admits that he did not give any signal. They both say the defendant's car was on the right side of the road when

hit and there was no other car in sight, and the way was clear for passing on the left.

What was the proximate cause of this accident? The plaintiff says it was the failure of the defendant to give the signal as required by Subsection (d)6 of Section 2682 of the Code 1938, which provides that a signal shall be given continuously for a distance of 50 feet before slowing down, stopping, or materially altering the course of his vehicle. It is noted that Subsection (d)8 of the same Act provides that drivers receiving such signal shall keep their vehicle under complete control and shall be able to avoid an accident resulting from a misunderstanding of a signal.

Under the undisputed facts of this case we think the proximate cause of this accident was the failure of the plaintiff, driving a one seated car with three other people, two of them girls, on the seat with him, at a speed of 40 miles per hour, in not slowing up or turning to the left in order to pass the defendant's car, which he, the plaintiff, says was going slowly on the right side of the road, with nothing whatever to keep him from passing except his own speed. He says he didn't think he had time to pull around the defendant's car, when he admits he saw it from a point 567 feet away.

The failure to signal on the part of the defendant was not the proximate cause of the accident.

In the case of West Construction Co. v. White, 130 Tenn., 520, on page 522, 172 S. W., 301, on page 302 it is said: "It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions. Lauson v. Fond du Lac, 141 Wis., 57, 123 N. W., 629, 135 Am. St. Rep., 30. If the lights on the automobile would disclose obstructions only 10 yards away, it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance. If the lights on the machine would disclose objects further away than 10 yards, and the driver failed to see the object in time, then he would be conclusively presumed to be guilty of negligence, because it was his duty to see what could have been seen."

This is approved in the case of Knoxville Ry. & Light Co. v. Vangilder, in 132 Tenn., 487, on page 491, 178 S. W., 1117, on page 1118, L. R. A., 1916A, 1111, where the Court said:

"It is insisted on behalf of defendants in error that they were excused from the rule established by this court in the case of West Construction Company v. White, 130 Tenn., 520, 172 S. W., 301. In that case it was held that, where a person drives an automobile at night in a dark place so fast that he cannot stop or avoid an ob-

struction within the distance lighted by his lamps, he is guilty of contributory negligence which will bar his recovery. That case held that this was true, although the defendant was guilty of negligence in leaving an unlighted obstruction in a public thoroughfare.

"We see no distinction that can be drawn in this case differentiating it from the case of West Construction Company v. White. The fact that the bright light from the large automobile was shining in the face of Vangilder, and that he was turning a curve where his own light did not shine directly in the way his machine was going around the curve, was a greater reason that he should have stopped or slowed up his machine, so as to avoid running into a place of danger."

Also, see Tennessee Central Railway v. Schutt, 2 Tenn. App., 514.

We can see nothing in this case that would take it out of the general rule as above, such as is described in the case of Main St. Transfer & Storage Co. v. Smith in 166 Tenn., 482, 63 S. W. (2d), 665, 668. In that case the Court said: "Adhering to the general rule that it may be negligence in law to operate an automobile through darkness at a rate of speed which will not permit the avoidance of an obstruction disclosed by the rays of the lights with which the automobile is equipped, we are of opinion, and so rule, that exceptional circumstances will render the rule inapplicable, as contrary to the practice and experience of persons of ordinary caution and prudence. The emergencies and hazards of present-day travel by automobile are many and varied, and we think no arbitrary or universal definition of the circumstances which will render the rule inapplicable is possible. The facts and circumstances of the cases in which the rule is invoked, weighed in the light of observation and experience, must control and direct the ruling of the court in each particular case, as in other negligence cases."

Also in the case of Cleveland Transfer Co. v. Clark, in 6 Tenn. App., 364, on page 366 the Court of Appeals said:

"But the two decisions of the Supreme Court establish the principle that a driver should so operate his car as to be able to stop within the distance (whatever that may be) that his lights will disclose obstructions ahead, and that if he does not do so he is (as a matter of law for the court and not the jury) guilty of negligence proximately contributing to his collision with the obstruction. If, on account of rain or dim lights, he can see only ten feet ahead, then he should drive at such speed that he can stop within ten feet, etc., and he should always be upon the lookout for an obstruction in front of him.

"The fact that it was raining does not change the principle of those cases. In fact, in the White case [West Construction Co. v. White, 130 Tenn., 520, 172 S. W., 301] the night was 'misty and

dark,' and in some of the decisions cited and approved, the quotations therefrom disclose that it was raining. Neither does the fact that plaintiff was using his 'dimmers' because required to do so by a municipal ordinance change the principle. In both events it was his duty, as held in said cases, to so drive that he could stop within the distance his lights would disclose an obstruction. Indeed, in the case at bar plaintiff's lights were shown by his own evidence to be sufficient to disclose objects eight or ten feet ahead, and plaintiff testified that he did not see the truck until he was within two or three feet of it."

This is even a stronger case for the defendant because the plaintiff admits he saw the defendant's car.

It may be true that the driver of an automobile is not bound to anticipate that the person in charge of another car will be guilty of negligence. He may have a right to assume that the other fellow will exercise reasonable care and observe the rules of the road and traffic regulations, but this would not excuse the plaintiff in this case from his own carelessness in driving, at a high rate of speed into the rear of the car in front of him even though it be moving slowly, when he saw it for 567 feet before he caught up with it and it was moving slowly when it first came in sight.

It results therefore that the assignments of error are sustained, the lower Court reversed and the suit dismissed at the cost of the plaintiff below and the sureties upon his bond.

Crownover, P. J., and Felts, J., concur.

Reversed and dismissed.