QUARLES v. GREGG et al.—204 S. W. (2d) 535.

Middle Section.   July 26, 1947.

Petition for Certiorari denied by Supreme Court, October 3, 1947.

Raymond A. Graham, of Jasper, for plaintiff in error.

J. B. Roberts, of Chattanooga, F. Nat Brown, of Jasper, and A. F. Sloan, of South Pittsburg, for defendant in error.

HOWELL, J. This is a damage suit growing out of the death of J. D. Quarles, the husband of the plaintiff, administratrix, against the defendants, who are the owners and drivers of two automobile trucks.

At the close of all the proof the trial Judge granted a motion of the defendants for a directed verdict in their favor and plaintiff has appealed in error to this Court and assigned errors.

The record discloses that on December 31, 1945, the deceased ran into the back of a truck belonging to the defendant Gregg, which truck was stopped on U. S. Highway 41 about one mile East of Jasper, Tennessee, on a stretch of the highway that was perfectly straight, about ten o'clock at night. The deceased was driving at a high rate of speed and had two men on the front seat of his car with him, an officer was standing on the highway waving a. flashlight, a flare was placed on the highway and was burning and the deceased, without slowing down, ran his car by the officer, knocked the flare off the road and hit the back end of the truck.

On the night of the accident a truck belonging to the defendant Scott and driven by the defendant Anderson had been stopped on the highway by two officers of the law and the driver requested to pull a car that had run into a ditch back on the road. He did this and before this truck was moved from where it had stopped another car ran into it from the front and the bumpers of the two cars were entangled. Flares were properly placed and the Gregg truck came up behind the Scott truck and stopped. Proper lights were burning on both trucks. There was no obstruction, and nothing to keep the deceased from seeing these trucks. There was evidence that the deceased had been drinking intoxicating liquor and a whiskey bottle was found in his car.

From a thorough examination and careful considera-
tion of all the testimony we can reach but one conclusion:
There was no excuse for the deceased running his car
into the back of the Gregg truck. There was ample room
to pass the trucks on the left side of the highway had he
seen them, but deceased, driving very fast, ignored the
flares and the officer waving his flashlight and ran head
on into the back of the Gregg truck. Only one conclusion
can be drawn by reasonable minds and that is that the
proximate cause of the accident was the gross negligence
of the deceased and that his negligence was such that
plaintiff cannot recover. We see no extenuating circum-
stance in this case that would take it out of the rule in
the case of West Construction Co. v. White, 130 Tenn.
520, 172 S. W. 301, 302, where the Supreme Court said:

"It was negligence for the driver of the automobile
to propel it in a dark place in which he had to rely on the
lights of his machine at a rate faster than enabled him
to stop or avoid any obstruction within the radius of his
light, or within the distance to which his lights would
disclose the existence of obstructions. Lauson v. Town of
Fon du Lac, 141 Wis. 57, 123 N. W. 629, [25 L. R. A., N.
S., 40], 135 Am. St. Rep. 30. If the lights on the automo-
bile would disclose obstructions only ten yards away,
it was the duty of the driver to so regulate the speed
of his machine that he could at all times avoid obstruc-
tions within that distance. If the lights on the machine
would disclose objects further away than ten yards, and
the driver failed to see the object in time, then he would
be conclusively presumed to be guilty of negligence, be-
cause it was his duty to see what could have been seen."

In the case of Knoxville Ry. & Light Co. v. Vangilder,
132 Tenn. 487, 178 S. W. 1117, 1118, L. R. A. 1916A, 1111,
the Court said:

"It is insisted on behalf of defendants in error that they were excused from the rule established by this court in the case of West Construction Company v. White, 130 Tenn. 520, 172 S. W. 301. In that case it was held that, where a person drives an automobile at night in a dark place so fast that he cannot stop or avoid an obstruction within the distance lighted by his lamps, he is guilty of contributory negligence which will bar his recovery. That case held that this was true, although the defendant was guilty of negligence in leaving an unlighted obstruction in a public thoroughfare.

"We see no distinction that can be drawn in this case differentiating it from the case of West Construction Co. v. White. The fact that the bright light from the large automobile was shining in the face of Vangilder, and that he was turning a curve where his own light did not shine directly in the way his machine was going around the curve, was a greater reason that he should have stopped or slowed up his machine, so as to avoid running into a place of danger."

These cases were cited with approval by this Court in the case of Harris v. Hendrixson, 25 Tenn. App. 221, 155 S. W. (2d) 876, 877, where it is said:

"Under the undisputed facts of this case we think the proximate cause of this accident was the failure of the plaintiff, driving a one seated car with three other people, two of them girls, on the seat with him, at a speed of 40 miles per hour, in not slowing up or turning to the left in order to pass the defendant's car, which he, the plaintiff, says was going slowly on the right side of the road, with nothing whatever to keep him from passing except his own speed. He says he didn't think he had time to pull around the defendant's car, when he admits he saw it from a point 567 feet away."

We find no negligence on the part of any of the defendants. They did everything that reasonably could be done to avoid an accident. The plaintiff's intestate was guilty of such contributory negligence as bars a recovery and the trial Court did not err in granting the motion for a directed verdict for the defendants.

The assignments of error are overruled and the judgment of the Circuit Court affirmed and the suit dismissed at the costs of plaintiff and her surety.

Affirmed.

Felts and Hickerson, JJ., concur.