**TIDWELL et al. v. LEWIS.**

No. 10790.

United States Court of Appeals
Sixth Circuit.

April 18, 1949.

Pierce Winningham, Jr., of Jackson, Tenn. (Waldrop, Hall & Winningham, of Jackson, Tenn., and John Shelton, of Adamsville, Tenn., on the brief), for appellants.

Joseph L. Harrington and David P. Murray, both of Jackson, Tenn. (David P. Murray, J. L. Harrington, H. Carmack Murchison and Hughie Ragan, all of Jackson, Tenn., on the brief), for appellee.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

## McALLISTER, Circuit Judge.

On October 24, 1947, just before midnight, George Douglas Lewis, while driving his automobile in a westerly direction on the right-hand side of the center line of U. S. Highway No. 64, in McNairy County, Tennessee, crashed into a truck owned by George E. Tidwell and received injuries from which he died shortly thereafter. Suit was brought in the district court by his administratrix, who received a verdict in the amount of $8,500 against Tidwell and two of his employees who were operating his trucks at the time of the accident. On the verdict, judgment was entered, from which appeal was taken.

Appellants claim there was no substantial evidence to support the verdict; that the evidence disclosed that Lewis was guilty of contributory negligence as a matter of law; and that the court erred in refusing to charge the jury in accordance with certain of appellants' requests.

The case hinges largely upon the facts. It is the claim of the appellee that defendant's truck was, at the time of the collision, parked on the right-hand side of the highway, headed west; that it was standing in the dark without lights; and that there were no lighted torches, fusees, or flares placed upon the highway to warn oncoming cars of the danger of such parked vehicle, as required, in such a case, by the laws of the state of Tennessee. Moreover, appellee says that at the time of the accident, another truck owned by Tidwell was standing unlighted on the south side of the highway, parallel to the first truck, with only a space of three feet between the two trucks.

On the other hand, appellants contend that the truck involved in the collision was not parked on the north side of the highway at the time of the accident, but was being towed; that the other truck, in question, owned by Tidwell, was not parked on the south side of the highway barring the way to other vehicles, but was towing the first truck, and that both of these trucks at the time of the collision were proceeding westerly on the north side of the highway. Further, it is claimed by appellants that both trucks carried headlights and parking lights, and that they were lighted at the time of the accident.

While none of the appellee's witnesses saw the accident, they viewed the position of the trucks a few minutes thereafter, and made an inspection of them with respect to the lights, lamps, and electric wiring. In addition to testifying as to the position of the trucks, as set forth in the above claim of appellee, they also declared that there was no place for a rear light on the truck involved in the collision; that the other truck had no headlights; and that there was no towing chain or rope attached to the other truck after the accident, as testified by appellants' witnesses. The explanation given by appellants as to the lights of the vehicles and the position of the trucks when seen by appellee's witnesses subsequent to the accident was that the lights on the truck involved in the collision had been smashed by the impact; that the towing truck had continued on for some distance after the collision and after the towing chain broke; and that it had then turned around and come back to shine its headlights on the wrecked car. It is claimed that the headlights were turned off because they were shining in the face

of the driver of a truck who had driven up to the scene of the accident.

■ The testimony introduced on behalf of appellants and appellee was in direct conflict, and the credibility of the witnesses of the prevailing party is assailed before us on this appeal. On a review of the record, it is our conclusion, however, that there was evidence from which the jury could draw reasonable inferences that the two trucks of defendant were standing parked on the highway parallel to each other and that they were unlighted at the time of the collision. The credibility of the witnesses was a question for the determination of the finder of the facts—in this case, the jury.

On the question of decedent's contributory negligence, appellants cite, in support of their contention, the statute of the state of Tennessee governing the equipment of headlights of motor vehicles; and they rely on West Construction Company v. White, 130 Tenn. 520, 172 S.W. 301, as controlling authority in this case.

The statute in question provides:

"The headlights of every motor vehicle shall be so constructed, equipped, arranged, focused, aimed, and adjusted, that they will at all times mentioned in subsec. (a) of this section, and under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred (200) feet ahead, but shall not project a glaring or dazzling light to persons in front of such headlights." Sec. 2695, subd. A(f), Williams' Code of Tennessee, Supp.

■ It is admitted that decedent's vehicle had good lights; but it is said that if he did not see what he could have seen if he had been looking ahead and had, as a result, crashed into an object in plain view, he was guilty of contributory negligence that would bar the right of his administratrix to recover. It is perceived that the requirement of the statute is that the headlights of a motor vehicle, under the normal conditions therein mentioned, produce a driving light "sufficient to render clearly discernible a person two hundred feet ahead." The driver of a vehicle in the nighttime is not required to see every ob-

struction ahead of him, such as a narrow projection of the floor of a truck parked on an angle, or a pole or a cable over the highway. Patterson v. Kirkpatrick, 11 Tenn.App. 162. The testimony on behalf of appellee is that the truck involved in the collision was used for hauling cotton and, instead of having a substantial truck body, had only a long, flat floor without sides, which was of a height even with the hood of decedent's car and higher than his headlights. It would seem that this was of a form difficult to see at night as compared to a truck with a solid body or even "a person two hundred feet ahead"—the criterion provided in the statute. However, other considerations affecting the issue of decedent's contributory negligence enter into the controversy.

Appellants rely upon the decision in West Construction Company v. White, supra, as determinative of the issue of contributory negligence. In that case, a person drove a motor vehicle into an unlighted concrete mixer which was standing on a city street, and the Supreme Court of Tennessee held that it was contributory negligence as a matter of law for the driver of an automobile "to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius' of his lights, or within the distance to which his lights would disclose the existence of obstructions." [130 Tenn. 520, 172 S.W. 302.]

In Main Street Transfer & Storage Co. v. Smith, et al., 166 Tenn. 482, 63 S.W.2d 665, 667, the Supreme Court declared that in subsequent cases decided by the court of appeals in which writs of certiorari had been denied, "the rigor of the rule (in the West Construction Co. case) was relaxed, or its application denied," and stated that such rule was no more than an application to given facts of the familiar rule that the test of negligence is whether the action under scrutiny was in accord with the actions of reasonably prudent men under the same or similar circumstances. The court went on to say that, adhering to the general rule that it may be negligence in law to operate an automobile in darkness at a rate of speed which will not permit the

avoidance of an obstruction disclosed by the rays of the lights with which the automobile is equipped, nevertheless, exceptional circumstances will render the rule inapplicable as contrary to the practice and experience of persons of ordinary caution and prudence. As the court observed, with respect to the rule announced in the West Construction Company case: "The emergencies and hazards of present-day travel by automobile are many and varied, and we think no arbitrary or universal definition of the circumstances which will render the rule inapplicable is possible. The facts and circumstances of the cases in which the rule is invoked, weighed in the light of observation and experience, must control and direct the ruling of the court in each particular case, as in other negligence cases."

In Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S.W.2d 756, where a driver of a truck collided with another truck which had been stalled on a highway before daylight, and no lighted flares had been placed on the highway to warn approaching vehicles of the danger, in compliance with the requirements of the statute,* it was held that the driver had a right to assume that the law respecting such lighted flares was being observed; that he could proceed upon the assumption that no standing obstruction of this character was ahead; and that he, accordingly, was not guilty of contributory negligence as a matter of law in colliding with the stalled truck, under such circumstances. In its opinion, the court remarked that the legislation with respect to the requirement of placing flares on the road, to warn approaching vehicles of a disabled truck on the highway, was doubtlessly enacted to meet an urgent demand, based on experience, for the better protection of travelers on the highways; that the ordinary lights attached to trucks had proved inadequate, varying greatly in visibility, being often dimmed by dust or frost, and range of rays; and that it was always difficult to tell whether these tail lights were moving with a vehicle or were stationary. Appellants in this case say that no such flares were placed because the truck involved in the collision was not stalled or parked, but was moving and being towed at the time of the impact. But the claim of the appellee is that the truck was parked on the highway. It was for the jury to decide which contention was proved by the preponderance of the evidence, and it decided in favor of the appellee. Judging from the verdict, the jury must have believed from the evidence that the two trucks owned by appellant Tidwell were standing parallel on the highway in the dark with no headlights or tail lights showing, with only a space of a few feet between them, and with no lighted flares on the highway to warn of the peril to approaching vehicles. The jury could take into consideration the difficulty of the deceased driver's seeing the truck involved in the collision because of its shape, the fact that he might have intended to pass the truck directly ahead of him and was suddenly confronted with the other truck barring his way to the left; and that he had further relied upon the absence of lighted flares as an assurance that there was no unlighted parked truck upon the highway. There was evidence of tire marks on the highway indicating that the deceased had applied his brakes in attempting to avoid the collision. In the light of the authorities above cited, and under the facts in this case, it was clearly a matter for the jury to determine whether decedent was guilty of contributory negligence.

Appellants contend that the trial court erred in not instructing the jury, as requested by appellants, to the effect that appellee could not recover if decedent, at the time of the accident, was driving without headlights "so constructed, equipped, arranged, focused, aimed, and adjusted that his lights at all times would not render clearly discernible a person two hundred feet away," and that his driving without such lights "would constitute negligence, and if you find by the preponderance of the evidence that the lack of such lights, as defined, was a proximate cause of the accident and injury, then plaintiff could not recover and your verdict should be for the defendants." The defense of contributory

---

* Section 2695(A) (c), Michie's Code, 1941 Supplement.

negligence is an affirmative defense. There was no proof that decedent's lights did not comply with the statute. The only evidence on this point was that his lights were "good," and this was not challenged by appellants. There was no reversible error in the refusal of the district court to charge the jury in accordance with appellants' request on the subject of lights. As to other requested instructions, the trial court fully covered the matters therein set forth in its general charge to the jury.

In accordance with the foregoing, the judgment of the district court is affirmed.