484

MRS. SAM ELLA HIGGINS, Plaintiff-in-Error, v. FRED PATRICK et al., Defendant-in-Error.

MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF ALAMO, Plaintiff-in-Error, v. FRED PATRICK et al., Defendant-in-Error. —339 S. W. (2d) 39.

Western Section.   July 24, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

J. B. Avery, Jr., Alamo, for plaintiffs in error.

Lloyd S. Adams, Jr., Adams & Adams, Humboldt, for defendants in error.

CARNEY, J. The plaintiffs below, Sam Ella Higgins and the Mayor and Board of Aldermen of the Town of Alamo, severally appeal in error from a judgment of the Circuit Court of Crockett County withdrawing their cases from the jury and directing verdicts in favor of the defendant below, Fred Patrick. Both suits arose out of the same automobile accident and the cases were tried together to the same jury.

Mrs. Sam Ella Higgins, as the surviving widow of Chester Higgins, brought suit for damages against the defendant, Fred Patrick, and another defendant, Marvin Crisp, alleging that her husband, Chester Higgins, was killed as a direct and proximate result of the concurring negligence of these two defendants. The Town of Alamo brought suit for damages against said two defendants, Fred Patrick and Marvin Crisp, alleging that its patrol car was damaged by the concurring negligence of said two defendants, Fred Patrick and Marvin Crisp, in the same accident in which Chester Higgins was killed.

At the conclusion of the plaintiffs' proof the Trial Judge directed a verdict in favor of the defendant, Fred Patrick, but allowed the case to go to the jury as to the defendant, Marvin Crisp. The jury returned a verdict in favor of Sam Ella Higgins against Marvin Crisp in the amount of $10,000 and a verdict in favor of the Mayor and Board of Aldermen of the Town of Alamo in the amount of $750. Judgments were entered on these verdicts and they have become final as to the defendant, Crisp, who has not appealed.

About 12:30 A. M., on the morning of August 31, 1957, Fred Patrick, the defendant-in-error, was driving his automobile, accompanied by his cousin, Chester Higgins,

the deceased husband of Sam Ella Higgins, on the road from Alamo to Gadsden in Crockett County, Tennessee. This road runs generally east and west and Patrick had reached a point about one mile east of Alamo when his automobile developed some mechanical difficulty. Both Chester Higgins and Fred Patrick were drinking.

Patrick's car came to a stop almost astraddle the center line of the highway headed east with the left front and left rear wheels on the north side of the center of said highway. The right front and right rear wheels were on the south side of the center line.

A passerby reported to the town marshal of Alamo, Mr. Reasons, that the Patrick car was stopped in the center of the highway as above set out and Mr. Reasons, accompanied by several spectators, drove out to the place where Patrick's car was stopped. Mr. Reasons approached the Patrick car from the rear and parked the patrol car of the Town of Alamo about two car lengths to the rear or west of the Patrick car but in the south or eastbound traffic lane. The lights on the Patrick car were burning and also the lights on the patrol car were left burning. Both front lights of the Patrick car and the right front light of the patrol car were visible to the driver of a car approaching from the east toward Gadsden.

Town Marshal Reasons found Patrick working about the car trying to get it started. Mr. Reasons recognized the danger and told them to get the car out of the road to which Higgins replied that if Patrick had a flashlight he could fix it. Either Patrick or Higgins told Town Marshal Reasons that they could not move the car.

Town Marshal Reasons furnished a flashlight and Patrick got under the car and began trying to repair the damage. At the request of Patrick, Higgins was in the front seat working the clutch.

Patrick heard a car which turned out to be the one driven by the defendant, Marvin Crisp, approaching at a high rate of speed from the east toward Gadsden. Patrick told Marshal Reasons, "There is a car coming, watch it."

At that time the Crisp car was about one-half mile away and Marshal Reasons ran eastward down the road about 150 feet and began waving his flashlight trying to wave the Crisp car down. The driver of the Crisp car either did not see or ignored the warnings of Marshal Reasons and approached the disabled Patrick car at a high rate of speed.

The Crisp car struck the left front door of the Patrick car and tore it completely off. Higgins apparently had sought to get out of the car and unfortunately got out of the north or left door instead of the south or right door. When the Crisp car tore the door off the Patrick car, Chester Higgins was so severely injured that he died a short time thereafter in the hospital. One of his legs was crushed and some of the bones in the pelvic region were broken and possibly other internal injuries were sustained.

Fred Patrick's foot or leg was injured in the accident in some manner not clearly shown. Very little damage was done to the Patrick car except the left front door was torn off.

The Crisp car, after tearing the door off of the Patrick car, then careened on into the 1957 Ford patrol car which was parked behind the Patrick car.

There were several occupants of the Crisp car, all negroes and all were drinking. Patrick and Higgins are also negroes.

Chester Higgins and Fred Patrick, who were the only ones injured in the collision, were taken to the hospital in ambulances and shortly thereafter wreckers cleared the highway.

The only assignment of error made on behalf of the plaintiffs, Sam Ella Higgins and the Mayor and Board of Aldermen of the Town of Alamo, is that the Trial Court erred in directing a verdict in favor of the defendant, Fred Patrick.

It was the insistence of attorneys for Fred Patrick below and it is their insistence in this court that the action of the Trial Judge in directing a verdict was proper for three reasons:

(1) That there is no evidence to support a verdict against the defendant, Fred Patrick.

(2) That the plaintiff's intestate, Chester Higgins, and Town Marshal Reasons were each guilty of contributory negligence barring the right of recovery of the plaintiffs in each case.

(3) That the cause of death of Chester Higgins and the damages sustained to the automobile of the plaintiff, Mayor and Board of Aldermen of the Town of Alamo, were the direct and proximate result of an independent

and intervening cause and not the direct and proximate result of the negligence, if any, of the defendant, Fred Patrick.

## Assignment of Error by the Town of Alamo

We consider first the appeal by the Town of Alamo from the action of the Trial Court in withdrawing its case from the jury and directing a verdict in favor of the defendant, Fred Patrick.

There was ample evidence upon which the jury could have found Patrick guilty of negligence; namely, driving while under the influence of intoxicating liquor; failing to make sufficient effort to remove the disabled car from the center of the highway; and failing to give proper warning to oncoming motorists that his disabled car was in the center of the highway.

There was also ample evidence upon which the jury could and did find defendant Crisp guilty of negligence.

The Town of Alamo insists that it was for the jury to determine whether either or both defendants, Crisp and Patrick, were guilty of proximate negligence resulting in damage to the patrol car.

One of the most recent decisions dealing with accidents caused by vehicles left standing in the highway is the case of Carney v. Goodman, 1954, 38 Tenn. App. 55, 270 S. W. (2d) 572, 575. In that case one defendant, Mrs. Della Stamper left her Plymouth automobile parked at an angle in the highway with its left rear about five feet and its left front about two feet on the paved part of the eastern half or northbound traffic lane. Two vehicles approached this parked Plymouth from the south—one driven by the defendant Goodman and the other driven

by an employee of Ormes Roofing Company in which the plaintiff, Carney, was riding.

The vehicle driven by Goodman stopped very suddenly when the Plymouth of the defendant, Stamper, loomed up as an obstacle in front of him and the truck owned by Ormes Roofing Company, in which the plaintiff, Carney, was riding, crashed into the back end of the truck being driven by defendant Goodman. Neither vehicle actually struck the Plymouth left standing in the highway by the defendant, Stamper.

Plaintiff Carney brought suit against Mrs. Stamper, the owner of the Plymouth automobile, and against Goodman, the driver of the other truck. The Trial Judge directed a verdict in favor of both defendants.

On an appeal the Court of Appeals affirmed the action of the Trial Judge in dismissing the suit against the defendant, Goodman, driver of the truck immediately in front of the vehicle in which Carney was riding on the ground that there was no evidence of negligence on the part of the defendant, Goodman, and that in so far as he, Goodman, was concerned the accident was unavoidable. However, the Court of Appeals did reverse the action of the Trial Judge in dismissing the suit as to defendant Mrs. Stamper who left the Plymouth automobile standing in the highway.

From said opinion we quote as follows:

"The best definition and the most workable test of proximate or legal cause so far suggested seems to be this: 'The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b)

.there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.' (Restatement, Torts, Sec. 431). Prosser on Torts, 318.

"Mrs. Stamper's negligence in blocking the highway was a substantial factor in causing plaintiff's damage. Indeed it was the most important factor, for it really put the others into operation. It need not have been the whole cause or the only factor. It was enough that her negligence was a substantial factor in causing plaintiff's injuries. Waller v. Skelton, 31 Tenn. App. 103, 115, 212 S. W. (2d) 690, and authorities there cited.

"Nor does it matter that between her negligence and plaintiff's injuries there intervened the conduct of the first truck driver, which was not negligent, and the conduct of the second truck driver, which was negligent but not imputable to plaintiff. A defendant whose negligence was a legal cause of plaintiff's injuries will not be relieved from liability merely because the negligence of another contributed to such injuries. The joint and several liability of joint tort feasors rests on the idea that two or more causes may be charged with a single result. Prosser on Torts, 324; Morris v. Bolling, 31 Tenn. App. 577, 585, 218 S. W. (2d) 754; Payne v. Woodard, 190 Tenn. 32, 38, 227 S. W. (2d) 47.

"Nor was her negligence, as a legal or proximate cause of plaintiff's injuries, superseded by the intervening acts of the two truck drivers. Such acts were within the range of the risk created by her negligence, were reasonably foreseeable as a likely result

thereof, and were not new, independent, or superseding causes; for her negligence was continuous and operative up to the instant of the collision, or so the jury might have found.

"This conclusion is supported by a line of cases in which it was held that the negligence of one in obstructing the highway by a standing vehicle was not superseded by the negligence of another in running into such vehicle. Southern Bell Tel. & Tel. Co. v. Skaggs, 34 Tenn. App. 549, 241 S. W. (2d) 126; Barnes v. Scott, 35 Tenn. App. 135, 243 S. W. (2d) 133; Sellers v. American Industrial Transit, Inc., 35 Tenn. App. 46, 242 S. W. (2d) 335; Jaggers v. Southeastern Greyhound Lines, 6 Cir., 126 F. (2d) 762; Watson v. Southern Bus Lines, 6 Cir., 186 F. (2d) 981.

"There is, however, another line of cases in which it was held that the negligence of one in obstructing the highway by a standing vehicle was superseded by another's negligence in running into such vehicle, and that the latter's negligence was the proximate cause of the accident. Hubbard v. Murray, 173 Va. 448, 3 S. E. (2d) 397; Medved v. Doolittle, 220 Minn. 352, 360, 19 N. W. (2d) 788, and cases cited in Annotation, 131 A. L. R. 564.

"The test of whether a case falls within one line or the other of these cases seems to be this: Did the driver running into the standing vehicle see it in time to enable him, by use of due care, to avoid the collision? If he did not, his negligence is merely a contributory cause; if he did, his negligence is the proximate cause. Kline v. Moyer, 1937, 325 Pa. 357, 191

A. 43, 111 A. L. R. 406. In the case just cited the Pennsylvania Supreme Court laid down these two rules:

" '(1) Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.' 325 Pa. 357, 191 A. 46, 111 A. L. R. 410-411.

" '(2) Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.' 325 Pa. 357, 191 A. 46, 111 A. L. R. 411.

"In the case before us the driver of the second truck did not become apprised of the two vehicles obstructing his path until his own negligence, added to that of the existing perilous condition, made the collision inevitable; and therefore his negligence was only a contributing but not a superseding cause and did not relieve Mrs. Stamper of liability for her negligence; or so the jury might have found."

In the case of Morris et al. v. Bolling, 1948, 31 Tenn. App. 577, 218 S. W. (2d) 754, 758, the driver of the defendants' taxicab left the keys in the switch of a taxicab with a drunk passenger who appeared to be asleep or

passed out in the front seat. Apparently the drunk aroused and drove the taxicab down the street where it struck plaintiff's automobile. It was the contention of the defendant taxicab company in that case that the intervening act of the drunk passenger, Dowell, in starting the cab while the driver was away absolved the defendant of liability for the plaintiff's damages and that the proximate cause of the accident was the negligent manner in which the drunk drove the cab down the street.

In holding that it was a question for the jury and affirming the judgment in favor of the plaintiff, Judge Howard said as follows:

"The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other.

"It being common knowledge that the acts of a drunken person are unpredictable, the issue of whether the agent or driver of defendants' cab was negligent by going off and leaving the key in the switch with a drunken passenger alone on the front seat of the cab was a jury question. Also, the issues of whether the defendants' agent under the circumstances might or ought to have foreseen the result of his acts and whether said acts contributed to the damages plaintiff sustained were jury questions and not issues to be determined by the Court as matters of law, they being questions about which men of reasonable minds would differ. Fairbanks, Morse

& Co. v. Gambill [142 Tenn. 633, 222 S. W. 5], supra; Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S. W. (2d) 512, 127 A. L. R. 1378; Campbell v. Campbell, Tenn. App., 199 S. W. (2d) 931; Fields v. Gordon, Tenn. App., 203 S. W. (2d) 934. And, too, since the acts of defendants' agent were responsible for the risk, it would be only just that defendants should be held responsible for the harm rather than to deny a remedy to the plaintiff, an innocent party, who had properly parked his automobile.''

In the case of Levitan v. Banniza, 1950, 34 Tenn. App. 176, 236 S. W. (2d) 90, 93, the defendant, Levitan, operated a retail liquor store in Nashville and the plaintiff, Banniza, worked for him as an employee. One Sulzbacher came to the store to buy or borrow a pistol from the defendant and the defendant, Levitan, purported to remove the cartridges from the pistol before handing it to defendant Sulzbacher but left one cartridge in the gun. Mr. Sulzbacher examined the pistol and in doing so discharged it and the plaintiff, Banniza, was injured. Plaintiff brought suit against Levitan. The defendant contended (1) that he was not negligent, and (2) that the cause of plaintiff's injury was the intervening act of Mr. Sulzbacher.

The Court of Appeals, Hickerson, Judge, held that the case was properly submitted to the jury both on the question of the negligence of the defendant, Levitan, in failing to empty the gun and also on the question of whether the intervening act of Mr. Sulzbacher was the sole proximate cause of the ultimate injury to the plaintiff, Banniza. From said opinion we quote as follows:

"The rule relating to intervening cause is this: If the first actor is negligent, and, 'If the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury'. Cartwright v. Graves, 182 Tenn. 114, 184 S. W. (2d) 373, 381; Gannon v. Crichlow, 13 Tenn. App. 281.

"In 38 Am. Jur., 731, Negligence, sec. 73, this rule is stated: 'If the second actor does not become apprised of the danger arising from the first actor's negligence until after his own negligence, added to the existing peril, has made an accident with injurious consequences inevitable, both actors are liable, since the negligence of the one concurs with the negligence of the other proximately to cause the injury.'

"The same rule is stated in 65 C. J. S., pages 691-692, Negligence, sec. 111, under title, 'Intervener's awareness of potential danger.'

"Our Supreme Court followed this rule in Ford Motor Company v. Wagoner, 183 Tenn. 392, 192 S. W. (2d) 840, 164 A. L. R. 364; where the court held that the intervening actor must act with conscious regard of the original cause for the intervening cause to exculpate the original wrongdoer by breaking the causal connection between the original cause and the ultimate result.

"Here, we think the intervening cause is not the sole proximate cause of the ultimate injury for two reasons: (1) Mr. Sulzbacher did not know one cart-

ridge was left in the gun. He reasonably thought it was unloaded. He was not conscious of the condition brought about by the original wrong. (2) The act of Mr. Sulzbacher might reasonably have been anticipated by defendant, especially since defendant stated that Mr. Sulzbacher was 'snapping' the pistol.

"The defense of intervening cause must fail."

In the case of Cartwright et al. v. Graves, 1944, 182 Tenn. 114, 184 S. W. (2d) 373, a six-year old child alighted from a school bus and as she ran around the rear of the bus across the road she was run down by a lumber truck coming from the opposite direction from that travelled by the school bus. In a suit for her injuries it was contended that the bus driver was negligent in permitting the child to leave the bus without warning her of the danger of the oncoming truck. The court held that there was no merit in the defense in behalf of the bus driver of intervening cause in that (1) it was the negligence of the truck driver in running against the child or (2) the act of the child in running into the truck which proximately caused the accident.

The Supreme Court held that the drivers of both vehicles were joint tort-feasors and jointly and severally liable for the injuries sustained by the plaintiff.

Therefore, it is the opinion of this court that the issues of proximate concurring negligence of the defendants, Patrick and Crisp, in the suit of the Town of Alamo should have been submitted to the jury unless the action of Town Marshal Reasons constituted such contributory negligence as a matter of law which would be imputable to the Town of Alamo and which would bar its right to recovery.

The Town of Alamo insist that the negligence, if any, of Marshal Reasons is not imputable to the Town and therefore his contributory negligence is not available as a defense to the defendant, Patrick. The cases of Johnson v. City of Jackson, 194 Tenn. 20, 250 S. W. (2d) 1, 33 A. L. R. (2d) 756, and Burnett v. Rudd, 165 Tenn. 238, 54 S. W. (2d) 718, are cited and relied upon.

The rule announced in these cases would probably be controlling and his negligence, if any, would not be imputable to the Town of Alamo if the Town of Alamo were being sued for a tort committed by Marshal Reasons in performance of a governmental function on behalf of the Town of Alamo.

In the case of Scates v. Board of Commissioners of Union City, 1954, 196 Tenn, 274, 265 S. W. (2d) 563, the Town of Union City brought suit against Scates for damages to its automobile as a result of a collision with an automobile belonging to the defendant below and plaintiff-in-error Charlie Scates. The defendant, Scates, filed a cross-action under Tennessee Code Section 8745 to obtain judgment against the Town of Union City for the damages done to his automobile.

The Supreme Court held that since the automobile was being used by the municipality at the time of the accident in the exercise of a governmental function the municipality was immune from liability and therefore the cross-action of Scates would not lie. However, in said opinion denying a petition to rehear our Tennessee Supreme Court indicated that in such a tort action the defendant would be entitled to interpose proximate contributory negligence of the driver of the vehicle as a defense.

500

From said opinion at page 279, at page 565 of 265 S. W. (2d) we quote as follows:

"It is asserted that Moore v. Tate, properly construed, supports the insistence that Scates is entitled to maintain his cross action, because it 'arose out of the very transaction which is the subject of the lawsuit'. In support of that insistence, petitioner quotes extensively from page 730 of 87 Tenn., page 936 of 11 S. W. of Moore v. Tate. The burden of the quotation is that when the State institutes suit it thereby puts aside its sovereignty to the extent that 'the defendant would be entitled to plead and prove any and all matters *properly defensive,* including credits and setoffs, so far as the latter are dependent on, connected with, and grew out of, the transaction which constitutes the subject matter of the suit.' (Emphasis supplied.)

"The petition asserts that the language above quoted from Moore v. Tate is authority for the proposition that Scates may maintain this countersuit against the City for a tort committed while acting in its sovereign capacity. We are constrained to conclude that counsel, in so insisting, may have inadvertently overlooked the expression 'properly defensive' in the quotation above stated. Interposing proximate contributory negligence as a defense is quite a different matter from maintaining a cross-action to recover from the sovereign for an alleged tort."

██ Whether or not Marshal Reasons was guilty of negligence which proximately caused or contributed to the damage to the patrol car of the Town of Alamo we think is properly a matter for the jury to determine. Therefore, we hold that His Honor the Trial Judge was in error in

withdrawing the case of the Town of Alamo against Fred. Patrick from the jury and directing a verdict in his favor and that the issues of proximate negligence of the defendant, Patrick, along with his defense of contributory negligence on the part of Marshal Reasons should have been submitted to the jury.

Judgment in this court will be entered accordingly and the costs taxed against the defendant-in-error, Fred Patrick.

### Assignment of Error of
### Sam Ella Higgins

We turn now to the assignment of error of the plaintiff, Sam Ella Higgins, assailing the action of the Trial Judge in withdrawing her suit as to the defendant, Fred Patrick, from the jury and directing a verdict in his favor. The claim of Sam Ella Higgins against Fred Patrick is on a much less firm footing than that of the Town of Alamo.

The deceased, Chester Higgins, was riding in the car with the defendant, Fred Patrick; he and Fred Patrick were both drinking; Chester Higgins was fully apprised of all of the alleged negligent acts of Fred Patrick and fully acquiesced in the same if he did not actually collaborate in said negligent acts.

Chester Higgins had full opportunity to extricate himself from possibility of injury from the negligent acts of Fred Patrick simply by getting out of the automobile and walking away to a place of safety on the side of the highway. This opportunity for safety continued up until the very moment before Chester Higgins was fatally struck by the car driven by the defendant, Crisp. Fred Patrick was lying on the ground under the car and Chester Higgins

was in a less dangerous place on the front seat of the Patrick automobile.

We think the evidence clearly shows that if Chester Higgins had remained on the front seat of the Patrick automobile he would not have been injured or if he had gotten out of the car by the right front door instead of the left front door, he would not have been injured.

■ From these circumstances we think all reasonable men must come to the conclusion that the injuries sustained by the deceased, Chester Higgins, were not the direct and proximate result of the negligent acts of the defendant, Fred Patrick, but were the direct and proximate result of the negligent acts of the deceased, Chester Higgins, and/or the defendant, Marvin Crisp. The subsequent acts of Crisp and Higgins set into operation the circumstances which directly resulted in injury to Higgins and the negligent acts of Patrick became only the remote cause of the injuries sustained by Higgins. Wallace v. Electric Power Board, 1953, 36 Tenn. App. 527, 259 S. W. (2d) 558, and Moyers v. Ogle, 24 Tenn. App. 682, 148 S. W. (2d) 637.

■ Also we are of the opinion that Chester Higgins, by remaining in the car at a point of danger after being warned by Marshal Reasons that the car should be gotten off the highway was guilty of contributory negligence which would bar his right of recovery under the doctrine of assumption of risk as announced in several of our Tennessee cases. Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn. App. 489, 79 S. W. (2d) 589; Gargaro v. Kroger Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561; Talbot v. Taylor, 184 Tenn. 128, 201 S. W. (2d) 1.

Therefore, on both theories we are of opinion that His Honor the Trial Judge correctly withdrew the issues of

fact from the jury and directed a verdict in favor of the defendant, Fred Patrick, and the suit of Sam Ella Higgins was properly dismissed.

Judgment accordingly at the costs of the plaintiff-in-error, Sam Ella Higgins.

Bejach, J., and Taylor, Special Judge, concur.

## On Petition to Rehear

CARNEY, J. We have carefully considered the petition to rehear filed by the defendant-in-error, Fred Patrick. We have again read the case of Quarles v. Gregg, 30 Tenn. App. 216, 204 S. W. (2d) 535, relied upon very strongly in support of the petition to rehear. It is still our opinion that the Quarles case has no application to the present case in so far as the Town of Alamo is concerned.

In the Quarles case the driver of the stopped truck properly placed lighted flares both in front and behind. The Court of Appeals found the driver of this truck to be sober and free from negligence. On the other hand the plaintiff's intestate who drove into the stopped truck was shown to have been drinking intoxicating liquor with whiskey in his car and he crashed into the stopped car in violation of a warning by a flashlight as did the defendant, Crisp, in the present case. The Quarles case would be applicable to a suit by Crisp against Patrick but not to a suit by the Town of Alamo against Patrick and Crisp.

The petition to rehear also insists that the acts of Town Marshal Reasons constituted him a second actor as described in the case of Carney v. Goodman, 38 Tenn. App. 55, 270 S. W. (2d) 572. We differ with this construction and interpretation of Carney v. Goodman.

Therefore, we are constrained to adhere to our former opinion that the issues of proximate concurring negligence on the part of the defendants, Patrick and Crisp, and of Town Marshal Reasons should have been submitted to a jury for determination. Petition to rehear is respectfully denied.

Taylor, Special Judge, and Bejach, J., concur.